UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERROD PAUL JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2128** |
| **LOUISIANA STATE, ET AL.** | **SECTION: "I"(5)** |

**ORDER**[1]

Before the Court is the Motion to Dismiss (Rec. doc. 11) filed by Defendant, Lafourche Parish Government ("Lafourche"). Plaintiff Jerrod Paul James has filed no opposition to the motion in accordance with the local rules of this Court. Having reviewed the motion, the Court determines that the motion should be granted.

**I.  Background**

Pro se Plaintiff Jerrod Paul James ("James") filed the Complaint in this matter in which he asserts claims, *inter alia*, against Lafourche under 42 U.S.C. § 1983. (Rec. doc. 1). Plaintiff is an inmate at the Lafourche Parish Correctional Complex. (*Id.* at p. 2). Plaintiff alleges that his cause of action arises out of an incident that took place on January 1, 2020 during which Lieutenant Neil Ledet restrained and "beat" him and subsequently placed him on lockdown. (*Id.* at p. 4). He believes that he suffered a blood clot in his legs as a result of this encounter. (*Id.*). [2]

---

[1] While this lawsuit is still technically referred to this Court, all parties have notified the Court that they consent to proceed before the Magistrate Judge. Accordingly, in the interest of judicial efficiency, this Court will now issue orders in this lawsuit instead of reports and recommendations.

[2] Plaintiff's allegations related to any alleged indifference to his medical needs are the subject of another partial report and recommendation already issued by this Court (Rec. doc. 12) and need not be repeated here.

Plaintiff asks that Ledet be "fired." (*Id.* at p. 6). He also seeks relief in the form of a new medical facility and compensation in the amount of $5,000,000 for pain and suffering, "police brutality," "trauma," "intentional emotional harm," indifference to medical needs, and discrimination. (*Id.*). Finally, Plaintiff asks that Defendants pay his filing fees. (*Id.*). Lafourche now seeks to dismiss any claims against it under Federal Rule of Civil Procedure 12(b)(6). (Rec. doc. 11).

## II.     Standard for a Motion to Dismiss under Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The Court must thus identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pleaded. *Id.* at 677-78.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.*; *Bartholomew v. Ladreyt*, Civ. A. No. 14-1468, 2015 WL 365525, at *1 (E.D. La. Jan. 27, 2015).

## III.    Law and Analysis

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Similarly, "the Louisiana PLRA provides that '[n]o prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted.'"  La. Rev. Stat. § 15:1184(A)(2). "Pre-filing exhaustion is mandatory, and [a] case must be dismissed if available administrative remedies were not exhausted."  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  The exhaustion requirement applies to all inmate lawsuits regarding prison life, whether they involve general circumstances or specific episodes, and whether they allege excessive force or some other wrong.  *See Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient.  *See Smith v. Lafourche Par.*, No. CV 21-1714, 2021 WL 4975698, at *1 (E.D. La. Sept. 30, 2021), *report and recommendation adopted*, No. CV 21-1714, 2021 WL 4972374 (E.D. La. Oct. 26, 2021) (citing *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303, at *9 (E.D. La. Jan. 5, 2015)).

This Court recently dismissed a *pro se* plaintiff's complaint because the "[p]laintiff ma[de] clear on the face of his complaint that he has not exhausted the remedies that were available to him through the LPCC prisoner grievance procedure prior to filing suit[.]" *McDride v. Webre*, Civ. A. No. 21-52, 2021 WL 3272220, at *2 (E.D. La. May 20, 2021), *report and recommendation adopted sub nom. McBride v. Webre*, Civ. A. No. 21-52, 2021 WL 3268934 (E.D. La. July 30, 2021).  In this case, Plaintiff admits in the complaint that he has not exhausted or completed any of the steps in the prison's grievance procedure.  (Rec. doc.

3

1 at pp. 2-3). Accordingly, this Court dismisses the Complaint without prejudice for failure to exhaust administrative remedies under the PLRA and the Louisiana PLRA. *McDride*, 2021 WL 3272220, at *2.[3]

Further, if an inmate files an *in forma pauperis* complaint in federal court that contains claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but **with prejudice** for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled on other grounds as explained in Gonzalez v. Seal*, 702 F.3d 785 (5th Cir.2012); *Walcott v. Crabtree*, Civ. A. No. 13-71, 2013 WL 5236643, at *4 n.17 (E.D. La. Sept. 13, 2013); *Fitch v. La. Dep't of Pub. Safety & Corr.*, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. Accordingly, Plaintiff may not refile these claims *in forma pauperis*.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (Rec. doc.11) is **GRANTED**, and Plaintiff's claims against Defendant Lafourche Parish Government are **DISMISSED WITHOUT PREJUDICE** but **DISMISSED WITH PREJUDICE** for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[3] Because this Court finds that Plaintiff's claims against Defendant should be dismissed for this reason, the Court need not consider Defendant's other arguments.

New Orleans, Louisiana, this __2nd__ day of March, 2022.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**